**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-00721-RMR-SBP

DANIELLE THOMAS,

      Plaintiff and Counterclaim Defendant,

v.

ANGUS ACKERMANN,

      Defendant, Counterclaim Plaintiff, and Third-Party Plaintiff,

v.

CHRISTINE THOMAS and TYLER MILLER,

      Third-Party Defendants.

---

## ORDER GRANTING MOTION TO AMEND

---

**Susan Prose, United States Magistrate Judge**

      Plaintiff Danielle Thomas has moved to add a request for exemplary damages against Defendant Angus Ackermann. ECF No. 58 ("Motion to Amend" or "Motion"). The undersigned considers the Motion pursuant to 28 U.S.C. § 636(b) and the Order Referring Motion dated August 1, 2023. ECF No. 59. The court has reviewed the Motion and the related briefing, the entire docket, and the applicable case law. For the reasons sets forth below, the court **GRANTS**

the Motion to Amend.[1]

## BACKGROUND

This federal lawsuit stems from what, by all accounts, was a brief encounter between two college freshmen—Ms. Thomas and Mr. Ackermann—in a dormitory room at the University of Denver ("DU") on March 3, 2022. Their accounts of the incident differ greatly. In the operative complaint, Ms. Thomas alleges that Mr. Ackermann became verbally and physically aggressive toward her and repeatedly struck her with a lacrosse stick. Complaint, ECF No. 3 ¶ 5. Mr. Ackermann denies Ms. Thomas's allegations. This litigation ensued, in which Ms. Thomas brings state tort claims against Mr. Ackermann for battery, assault, false imprisonment, and extreme and outrageous conduct. *Id.* ¶¶ 7-18.[2]

In the Motion,[3] Ms. Thomas seeks to amend her complaint to request relief in the form of

---

[1] "Whether motions to amend are dispositive is an unsettled issue in the 10th Circuit." *Cano-Rodriguez v. Adams Cty. Sch. Dist. No. 14*, No. 19-cv-01370-CMA-KLM, 2020 WL 6049595, at *1 n.2 (D. Colo. July 23, 2020), *report and recommendation adopted*, 2020 WL 4593219 (D. Colo. Aug. 11, 2020). Courts in this District have treated orders granting motions to amend as non-dispositive, but "many courts have held that a recommendation to deny a motion to amend . . . should be viewed as a dispositive ruling because it precludes the filing of certain claims." *Crocs, Inc. v. Effervescent, Inc.*, No. 06-cv-00605-PAB-KMT, 2021 WL 941828, at *2 n.1. (D. Colo. Mar. 11, 2021); *see also Bullock v. Daimler Trucks N. Am., LLC*, No. 08-cv-00491-PAB-MEH, 2010 WL 1286079, at *1 (D. Colo. Mar. 29, 2010) (observing that it "makes good sense" to distinguish between allowing and denying an amendment in considering whether to use an order or recommendation as a magistrate judge). Because this court finds that the Motion to Amend should be granted, this court proceeds by order rather than recommendation.

[2] Mr. Ackermann has filed counterclaims against Ms. Thomas, her mother (Christine Thomas), and Tyler Miller, another DU student who is alleged to be Ms. Thomas's boyfriend and Mr. Ackermann's roommate at the time of the incident.

[3] Ms. Thomas filed the Motion on July 31, 2023, one day before the August 1, 2023 deadline for joinder of parties and amendment of pleadings established in the Scheduling Order, ECF No. 56 at 8. Accordingly, the Motion is timely.

exemplary damages against Mr. Ackermann. *See* Proposed Amended Complaint, ECF No. 58-4 ¶¶ 9, 14, 18, 22. Mr. Ackermann opposes the motion. Response, ECF No. 60. Ms. Thomas has replied. ECF No. 61.

## LEGAL STANDARD

Under the law of the United States Court of Appeals for the Tenth Circuit, when a party seeks to amend pleadings before the expiration of the deadline set in the scheduling order—as Ms. Thomas has done here—the court ordinarily engages in a "single-tiered" analysis, assessing whether amendment is proper under Rule 15(a) of the Federal Rules of Civil Procedure. *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240-42 (10th Cir. 2014); *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001). Under this analysis, "the court should freely give leave when justice so requires." Whether to allow amendment is within the trial court's discretion. *See Burks v. Okla. Publ'g Co.*, 81 F.3d 975, 978-79 (10th Cir. 1996); *see also Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001) (trial court has "broad discretion to permit a party to serve a supplemental pleading").

However, the amendment at issue here concerns exemplary damages, which is governed by Colorado Revised Statute § 13-21-102. *Coomer v. Lindell*, No. 22-cv-01129-NYW-SKC, 2023 WL 4408254, at *7 (D. Colo. July 7, 2023) (recognizing that "courts in this District have held that § 13-21-102, rather than Rules 15(a) or 16(b), controls whether to permit the amendment of a claim for exemplary damages"). Courts in this district consistently have found that there is no direct conflict between this statute and the Federal Rules of Civil Procedure. *See, e.g.*, *id.* (finding that "forum shopping or the inequitable administration of the law") (collecting cases). Even under § 13-21-102, the court may deny a motion to amend to add exemplary

damages because of delay, bad faith, undue expense, or other demonstrable prejudice"—which mirrors the Rule 15(a) standard. *Franklin D. Azar & Assocs., P.C. v. Executive Risk Indemnity, Inc.*, No. 22-cv-01381-RMR-NRN, 2023 WL 7130144, at *2 (D. Colo. Oct. 10, 2023) (citing *Stamp v. Vail Corp.*, 172 P.3d 437, 449 (Colo. 2007)); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) ("Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed or futility of amendment."). However, in this case it appears that Mr. Ackermann does not argue any of those grounds. *See* Response.

Under § 13-21-102(1.5), a plaintiff cannot seek exemplary damages in the initial pleading and may seek to amend the pleading to add an exemplary damages claim "only after the exchange of initial disclosures pursuant to rule 26 of the Colorado rules of civil procedure and the plaintiff establishes prima facie proof of a triable issue." Exemplary damages are permissible when "the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct[.]" Colo. Rev. Stat. § 13-21-102(1)(a). "Willful and wanton conduct is conduct that is "purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff." Colo. Rev. Stat. § 13-21-102(1)(b); *see also Coors v. Sec. Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005) (citing *Tri-Aspen Const. Co. v. Johnson*, 714 P.2d 484, 486 (Colo. 1986); *Frick v. Abell*, 602 P.2d 852, 854 (Colo. 1979)).

In other words, conduct is willful and wanton if it is "'a dangerous course of action' that is consciously chosen 'with knowledge of facts, which to a reasonable mind creates a strong probability that injury to others will result." *Stamp*, 172 P.3d at 449 (finding evidence that a

snowmobile was traveling at so high a speed that it "lifted off of the ground as it crested the blind knoll" sufficient for a prima facie showing of willful and wanton conduct) (quoting *Steeves v. Smiley*, 354 P.2d 1011, 1014 (Colo. 1960) (holding that evidence of a driver's decision to travel at a high speed and to pass other cars at night on a single-lane highway, despite repeated warnings from his passengers that he was driving too fast, was sufficient to present the question of willful and wanton conduct to the jury in a wrongful death action)).

"Where the defendant is conscious of his conduct and the existing conditions and knew or should have known that injury would result, the statutory requirements" are met. *Coors*, 112 P.3d at 66; *see also Blood v. Qwest Servs. Corp.*, 224 P.3d 301, 314 (Colo. App. 2009) (same). "Simple negligence," however, cannot support an award of exemplary damages. *Blood*, 224 P.3d at 314. As for "malicious" conduct, *see* § 13-21-102(1)(a), such conduct refers to "'an intention or desire to harm another [usually] seriously through doing something unlawful or otherwise unjustified' or 'revengeful or unfriendly feelings.'" *Bonidy v. Vail Valley Ctr. for Aesthetic Dentistry, P.C.*, 232 P.3d 277, 286 (Colo. App. 2010) (quoting *Webster's Third New Int'l Dictionary* 1367 (2002)).

As to the requirement of a prima facie showing, *see* § 13-21-102(1.5)(a), a plaintiff must demonstrate "a reasonable likelihood that the issue will ultimately be submitted to the jury for resolution." *Stamp*, 172 P.3d at 449 (quoting *Leidholt v. Dist. Ct.*, 619 P.2d 768, 771 n.3 (Colo. 1980)). "Prima facie proof, like a proffer, is merely a facial showing sufficient to prove a matter in the absence of contradictory evidence. It is akin to the showing required to survive motions brought under Fed. R. Civ. P. 12 and 50." *Rosania v. Grp. O, Inc.*, No. 13-cv-00398-MSK-BNB, 2014 WL 679884, at *3 n.4 (D. Colo. Feb. 20, 2014). "Prima facie evidence is evidence that,

unless rebutted, is sufficient to establish a fact." *Id.* The evidence, which the court views in the light most favorable to Plaintiffs, must only be enough for a prima facie showing of willful and wanton behavior, not enough to "defeat a motion for summary judgment or to result in a jury verdict in Plaintiff's favor." *Hendrickson v. Doyle*, No. 14-cv-02013-WJM-KLM, 2015 WL 2106225, at *3 (D. Colo. May 4, 2015).[4] The plaintiff's evidentiary burden on a motion to amend pursuant to § 13-21-102 is "an admittedly low threshold." *Affordify, Inc. v. Medac, Inc.*, No. 19-cv-02082-CMA-NRN, 2020 WL 6290375, at *5 (D. Colo. Oct. 27, 2020).

## ANALYSIS

Ms. Thomas argues that she should be granted leave to add prayers for relief on exemplary damages under Colorado law. Ms. Thomas asserts that she has established a prima facie triable issue for an award of exemplary damages based on the following evidence, which this court takes as true for purposes of evaluating the Motion:

- **A statement that Ms. Thomas provided to DU campus safety personnel on March 8, 2022, five days after the incident.** In this statement, Ms. Thomas reported that, on March 3, she was in the DU dorm shared by Mr. Ackermann and Mr. Smith. While all three were together, Mr. Ackermann began spewing profanity-laced invectives against Ms. Thomas, telling her to "shut the fuck up," "you've gone too fucking far," and "you're going to fucking die." ECF No. 58-1 at 5. Mr. Ackermann picked up a lacrosse stick and

---

[4] *See also, e.g.*, *RCHFU, LLC v. Marriott Vacations Worldwide Corp.*, No. 16-cv-1301-PAB-GPG, 2018 WL 3055772, at *4 (D. Colo. May 10, 2018) ("At this stage of the litigation, the Court is only concerned with whether the evidence, when viewed in the light most favorable to Plaintiffs, is sufficient to make out a prima facie case of willful and wanton behavior for the purpose of allowing Plaintiffs to amend their Complaint to include exemplary damages, not whether such evidence is sufficient to defeat a motion for summary judgment or to result in a jury verdict in Plaintiffs' favor."); *Am. Econ. Ins. Co. v. William Schoolcraft, M.D., P.C.*, No. 05-cv-01870-LTB-BNB, 2007 WL 160951, at *4 (D. Colo. Jan. 17, 2007) ("I am concerned here only with the preliminary question of whether [the plaintiffs] have made a prima facie case under § 13-21-102(1.5)(a), not with summary judgment.").

advanced toward Ms. Thomas, saying: "Move Tyler, you know she deserves this." *Id.*

- At some point, Mr. Miller exited the dorm room, leaving Ms. Thomas alone with Mr. Ackermann for an apparently brief period. Ms. Thomas's statement recounts that, at that point, Mr. Ackermann locked the door and advanced toward her while aggressively waiving the lacrosse stick, prompting Ms. Thomas to drop to her knees and plead with him to stop. According to Ms. Thomas, she yelled at Mr. Ackermann to stop some "50 to 100 times," but he did not. Instead, he "began stabbing [her] with the lacrosse stick, hitting [her] stomach, shoulder, arms." Notwithstanding her pleas that he was hurting her, Mr. Ackermann began to strike Ms. Thomas harder and harder. *Id.* at 6 (describing strikes to her left side, right shin, and right elbow). Throughout the time that Mr. Ackermann was hitting Ms. Thomas, he was laughing at her.

- When the incident was over, Ms. Thomas described herself as "in shock, shaking, and still extremely frightened but confused by Angus' actions." *Id.* at 7. Immediately after the incident, Mr. Ackermann threatened Ms. Thomas in a text, telling her "not to tell Tyler, or else [Ms. Thomas] would be responsible for ruining their"—presumably, Mr. Ackermann's and Mr. Miller's—"friendship." *Id.*

- **A March 9, 2022 text from Mr. Ackermann to Mr. Miller.** In this text, Mr. Ackermann said that he "know[s] that he can never speak to Dani [Ms. Thomas] again but I am asking for help. *I know what I did was wrong* but this will prevent me from getting into the business school." ECF No. 58-2 at 2 (emphasis added).

- **A county court criminal proceeding related to the incident.** On October 14, 2022, Mr. Ackermann pleaded guilty to misdemeanor harassment in violation of Colorado Revised Statute § 18-9-111(1)(a), the elements of which consist of striking, shoving, kicking, or otherwise touching a person or subjecting her to physical contact. *People v. Ackermann*, No. 22M02055 (Denver County Court)**,** ECF No. 58-3. Mr. Ackermann received a one-year deferred judgment, which his counsel has represented Mr. Ackermann successfully completed.

Based on this evidence, Ms. Thomas argues, she has "articulate[d] a more than sufficient *prima facie* showing of a reasonable likelihood that exemplary damages, based on either or both the willful and wanton conduct or malice elements under section 13-21-102(1)(a), will ultimately be

submitted to a jury for resolution." Motion at 6-7.

In response, Mr. Ackermann argues that Ms. Thomas has not made the threshold showing required by § 13-21-102 because she has not shown that she can "prove beyond a reasonable doubt" her entitlement to punitive damages. Response at 6-7.[5] But Ms. Thomas's ability to make a showing "beyond a reasonable doubt" is not the standard by which the court evaluates whether she may amend her complaint to seek exemplary damages. *See Hendrickson*, 2015 WL 2106225, at *3 (rejecting defendant's argument the plaintiff needed to show a jury could award exemplary damages against defendant beyond a reasonable doubt). Rather, to meet the relatively low prima facie hurdle, Ms. Thomas need only demonstrate "a *reasonable likelihood* that the issue [of exemplary damages] will ultimately be submitted to the jury for resolution." *Stamp*, 172 P.3d at 449; *see also, e.g.*, *White v. Santomaso v. Nessler*, No. 10-cv-01224-REB-KLM, 2011 WL 486234, at *3 (D. Colo. Feb. 7, 2011) ("The Court's sole function now is to determine whether Plaintiff has provided a plausible basis for exemplary damages liability if her version of the facts and potential evidence are assumed to be true.") (citing *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)).

Having reviewed the evidence presented by Ms. Thomas, and taking all reasonable inferences in her favor, the court finds that she has met her burden to assert a demand for exemplary damages. She has alleged that she was subjected to an assault at Mr. Ackermann's

---

[5] Mr. Ackermann also asserts that the Motion should be denied because Ms. Thomas's counsel allegedly did not confer with Mr. Ackermann's counsel in good faith before filing the motion. Response at 3-5. It may be that the conferral efforts preceding the Motion were less than perfect, but the court declines to base its decision on the important legal question of whether to permit amendment to add claims for exemplary damages on the disputed communications between counsel.

hands—including repeated "stabbings" and strikes—that prompted her to beg Mr. Ackermann to stop and that caused her both physical pain and emotional harm. The court plausibly may infer from the incident as Ms. Thomas describes it that Mr. Ackermann "knew or should have known that injury would result" to Ms. Thomas by his striking her with a lacrosse stick. *Coors*, 112 P.3d at 66. Indeed, evidence submitted by Ms. Thomas indicates that Mr. Ackermann did in fact appreciate that he had engaged in wrongful behavior. ECF No. 58-2 at (stating that he "knew what [he] did was wrong"). Too, there is a related criminal case in which Mr. Ackermann pleaded guilty to harassment. ECF No. 58-3. The court understands from Mr. Ackermann's pleadings and other filings that Mr. Ackermann takes a very different view of what transpired between Ms. Thomas and himself on March 3, 2022.[6] The court further appreciates that a defendant may have many reasons for choosing to enter a plea in a criminal case, even if he disputes his guilt. Those, however, are matters for Mr. Ackermann to present to the jury (or on summary judgment). They do not undermine the court's conclusion that Ms. Thomas has made a sufficient evidentiary showing, at this stage of the proceedings, under § 13-21-102.

The court finds that Ms. Thomas has met her prima facie burden of establishing a triable issue as to whether Mr. Ackermann acted with malice or engaged in willful or wanton conduct, and therefore her Motion to Amend should be granted. *See, e.g.*, *Record v. HealthONE of Denver, Inc.*, No. 10-cv-03106-REB-MJW, 2011 WL 3608410, at *1 (D. Colo. Aug. 16, 2011) (finding plaintiff met the statutory standard to seek punitive damages on a battery claim by providing witness's affidavit). In so finding, the court only answers the "preliminary question" of

---

[6] Mr. Ackermann's response does not directly address the exhibits that Ms. Thomas attaches to her Motion.

whether Ms. Thomas made a prima facie case, *Am. Econ. Ins. Co.*, 2007 WL 1600951, at *4, and does not pass on the merits of her claims or demand for exemplary damages. Neither does the court pass on the merits of Mr. Ackermann's defenses or counterclaims.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1) Plaintiff Danielle Thomas's Motion to Amend Complaint to Add Exemplary Damages, ECF No. 58, is **GRANTED**;

(2) Plaintiff is **ORDERED** to file a clean version of the proposed Amended Complaint, ECF No. 58-4, as a separate docket entry on or before **January 17, 2024**; and

(3) Defendant Angus Ackermann is **ORDERED** to file an answer to the Amended Complaint within fourteen days of service of the Amended Complaint and Jury Demand, **revised only to address Plaintiff's newly asserted requests for relief in the form of exemplary damages.** Mr. Ackermann need not refile his counterclaims and third-party claims as set forth in ECF No. 14.[7]

DATED: January 10, 2024                         BY THE COURT:

_____

Susan Prose

United States Magistrate Judge

---

[7] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").